Calix v Union Theol. Seminary in the City of N.Y. (2026 NY Slip Op 01449)

Calix v Union Theol. Seminary in the City of N.Y.

2026 NY Slip Op 01449

Decided on March 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Scarpulla, Chan, Hagler, JJ. 

Index No. 152806/20|Appeal No. 6100|Case No. 2024-07046|

[*1]Luis Romero Calix, Plaintiff-Respondent-Appellant,
vThe Union Theological Seminary In The City Of New York, et al., Defendants-Respondents, The Trustees Of Columbia University, Defendant.
The Union Theological Seminary In The City Of New York, et al., Third Party Plaintiffs-Respondents,
vRosemount Interiors, Inc., Third Party Defendant-Appellant- Respondent.

Lewis Brisbois Bisgaard & Smith LLP, New York (Matthew P. Cueter of counsel), for appellant-respondent.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent-appellant.
Ahmuty Demers & McManus, Albertson (Kcuin J. Murtagh of counsel), for The Union Theological Seminary in The City of New York and Consigli Construction NY LLC, respondents.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about November 6, 2024, which, to the extent appealed from, denied the motion of third-party defendant Rosemount Interiors, Inc. (Rosemount) to dismiss plaintiff's Labor Law § 240(1) claim, dismiss the contractual indemnity claims of defendants Consigli & Associates, LLC and Consigli Construction NY LLC (collectively, Consigli) and The Union Theological Seminary in the City of New York (UTS, and together, defendants), and to dismiss UTS's breach of contract claim, and denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously modified, on the law, to grant Rosemount's motion to the extent of dismissing defendants' contractual indemnity claim against Rosemount, and dismissing UTS's breach of contract claim against Rosemount, and otherwise affirmed, without costs.
Supreme Court properly denied summary judgment to both Rosemount and plaintiff as to the Labor Law § 240(1) claim. Contrary to defendants' assertion, permanent staircases are not categorically excluded from Labor Law § 240(1) coverage (DaSilva v Toll GC LLC, 224 AD3d 540, 541 [1st Dept 2024]). According to plaintiff's testimony, the building's elevator was in use for a protracted period leaving the staircase where he fell as his sole means of access to his work area. Defendants argue that the staircase (one of three permanent ones in the building) was not the only way for plaintiff to reach his work area, especially since he chose to use the stairs rather than wait for the elevator. The parties' contradictory assertions as to whether this staircase was plaintiff's sole means of access create issues of fact as to whether this staircase was a Labor Law § 240(1) safety device (see Gamez v Sandy Clarkson, LLC, 221 AD3d 453, 454 [1st Dept 2023] [issue of fact as to a staircase being a safety device under Labor Law § 240(1) if there were other means of access to a worksite]). Therefore, summary judgment is inappropriate for either plaintiff or defendants.
However, Supreme Court should have dismissed defendants' third-party claims. Rosemount's contract with Consigli contains an indemnity provision that is triggered when claims arise out of the acts or omissions of Rosemount. Here, the indemnity provision was never triggered because plaintiff's accident had nothing to do with the performance or non-performance of Rosemount's work, but rather was due to allegedly insufficiently taped masonite floor covering installed by Consigli. Plaintiff's mere presence on the site is insufficient to trigger the indemnity provision (see Dejesus v Downtown Re Holdings LLC, 217 AD3d 524, 528 [1st Dept 2023]; Arias v Sanitation Salvage Corp., 199 AD3d 554, 557 [1st Dept 2021]). Defendants' argument that plaintiff was a cause of the accident because he was running is unsupported by any admissible or credible evidence in the record. As to UTS's breach of contract claim, Rosemount submitted a copy of their insurance policy that contains an endorsement providing additional insured status to owners, evidencing that it complied with its contractual obligation (see Vaccaro v ESRT Empire State Bldg., L.L.C., 231 AD3d 687, 689 [1st Dept 2024]; Solorzano v Lophijo Realty Corp., 224 AD3d 487, 488 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2026